IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PAUL VASQUEZ, INDIVIDUALLY,                      §
AND AS PERSONAL                                  §
REPRESENANTIVE OF THE ESTATE                     §          SA-23-CV-01234-ESC
OF REBECCA VASQUEZ, AND AS                       §
NEXT FRIEND OF MINORS I.V., A.A.                 §
AND S.A.; AND LUPE MARTINEZ                       §
VASQUEZ, INDIVIDUALLY, AND AS                    §
PERSONAL REPRESENTATIVE OF                       §
THE ESTATE OF REBECCA VASQUEZ,                   §
AND AS NEXT FRIEND, OF MINORS                    §
I.V. AND A.A. AND S.A.;                          §
                                                 §
          *Plaintiffs,*

vs.

BEXAR COUNTY SHERIFF'S OFFICE,
BEXAR COUNTY COMMISSION,
JOHN OR JANE DOE,

          *Defendants.*


### **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion For Continuance Based On Newly Discovered Evidence [#47]. On April 7, 2025, Defendant Bexar County filed a Motion for Summary Judgment [#45]. After the Court initially granted Plaintiffs an extension to file their response, Plaintiffs filed a motion under Federal Rule of Civil Procedure 56(d) for the Court to delay ruling on the motion for summary judgment and to reopen discovery. The Court held a hearing on the motion on June 5, 2025. As stated at the hearing, the Court will **DENY** the motion.

Under Rule 56(d), a party may move for the court to postpone ruling on a motion for summary judgment until they can complete further discovery. *Raby v. Livingston*, 600 F.3d 552,

1

561 (5th Cir. 2010). The motion "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). Moreover, the party seeking additional discovery must submit an affidavit or declaration specifying why the party cannot present facts essential to justify its opposition to the motion for summary judgment. *Scotch v. Letsinger*, 593 F. App'x 276, 278 (5th Cir. 2014) (first citing Fed. R. Civ. P. 56(d); and then citing *Leza v. City of Laredo,* 496 F. App'x 375, 377–78 (5th Cir. 2012)).

Plaintiffs have not met the procedural or substantive requirements of Rule 56(d). First, Plaintiffs' counsel did not file an affidavit or declaration in support of their motion. In fact, Plaintiffs' counsel stated on the record at the hearing on June 5, 2025, that he did not file a sworn statement with the motion because, in his professional opinion, he did not have sufficient reason to believe additional discovery was likely to lead to facts essential to oppose the County's motion for summary judgment. This procedural deficiency alone warrants the denial of Plaintiffs' motion. *See Scotch*, 593 F. App'x at 278 ("Because [plaintiff] did not submit either an affidavit or a declaration, the district court did not err in denying [his Rule 56(d) motion].").

Nor have Plaintiffs met the substantive requirements of Rule 56(d). Plaintiffs' argument is that they recently learned of two Bexar County deputies who were arrested in May 2025 for allegedly allowing Bexar County inmates into other inmates' cells for the purpose of attacking those other inmates. They claim that this new evidence makes it more likely that someone could have entered Ms. Vasquez's cell—with the help of a deputy—and murdered her.

2

First, the Court notes that this is a different theory of the case than the one pleaded. This case was pleaded as a failure-to-monitor case, and the claim that survived the County's motion to dismiss was that the County failed to comply with recognized standards regarding frequency of checking on certain types of inmates. The discovery period has expired in this case. Written discovery has been exchanged. Plaintiffs did not take any depositions. And the County has already filed its motion for summary judgment based on these allegations. This appears to be an attempt by Plaintiffs to obtain a second bite at the apple in their claims against the County.

Moreover, the arrest of two County deputies with no connection to the incidents at issue in this case is not a reason to reopen discovery. Plaintiffs have failed to demonstrate any connection between these two deputies and the death of Ms. Vasquez. First, documents produced by Bexar County during discovery indicate that neither of these deputies were on duty at the time of her death.[1] Second, Deputy Jorge Alejandro Rocha—who was employed by Bexar County at the time of her death—did not work in the women's part of the jail where Ms. Vasquez was located. Third, Deputy Rocha's arrest took place two years after the incident at issue in this case. Plaintiffs have provided no connection between Deputy Rocha and Ms. Vasquez other than speculation. They have therefore not met their burden of showing a plausible basis for believing that additional discovery would reveal "specific facts" that would influence the disposition of the County's pending summary-judgment motion. *See Raby*, 600 F.3d at 561.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion For Continuance Based On Newly Discovered Evidence [#47] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs respond to Defendant's Motion for Summary Judgment [#45] on or before **June 19, 2025**.

---

[1] As conceded by Plaintiffs at the hearing, one of the two deputies did not work for Bexar County at the time of Ms. Vasquez's death.

**IT IS SO ORDERED**.

SIGNED this 5th day of June, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE